# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

DON R. CLARK,

                                                                   CV 09-28-M-DWM-JCL

              Plaintiff,

       vs.                                                                  ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

_____

On January 8, 2010, the Court entered an order reversing the Commissioner's decision denying Plaintiff Don Clark's application for disability benefits and supplemental security income benefits.  Dkt. 25.  The Commissioner subsequently moved to alter or amend the Court's judgment pursuant to Fed. R. Civ. P. 59(e), and on February 12, 2010, the Court entered an order denying that motion.  Dkt. 31.  This matter comes before the Court now on Clark's application

for an award of attorney's fees in the amount of $6,357.21 and costs in the amount of $350 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The $6,357.21 in attorney's fees sought represents a total of 36.1 hours of work performed at the hourly rate of $176.10, and includes the two hours Clark's counsel spent preparing their reply in support of their fee request.[1]

The EAJA provides that a party who prevails in a civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A presumption arises under the EAJA "that fees will be awarded to prevailing parties...." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Commissioner thus bears the burden of proving that his position was substantially justified. *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994). "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

---

[1] The Court notes that Clark's counsel have not submitted an affidavit documenting the two hours spent preparing their reply brief. Nevertheless, the Court is satisfied based on its review of the record that two hours was a reasonable amount of time for Clark's counsel to have spent preparing their reply brief. *See Lozano v. Astrue*, 2008 WL 5875573 * 1 (9th Cir. 2008) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 165-66 (1990) for the proposition that time spent on an EAJA fee application is compensable).

The Commissioner does not dispute that Clark is a prevailing party for purposes of an EAJA fee award.  Nor does the Commissioner challenge the number of hours for which Clark seeks to recover fees.  The Commissioner instead argues in opposition to Clark's fee request that the government's position in this case was substantially justified.  In doing so, the Commissioner simply reiterates the argument already rejected by the Court on summary judgment and claims that the ALJ was not required to expressly consider the Veterans Administration's 100% disability determination in this case.  But the Ninth Circuit has made clear that if an ALJ decides to disregard a VA disability determination, he must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Valentine v. Astrue*, 574 F.3d 685, 695-96 (9th Cir. 2009).  Because the ALJ did not even mention the VA's disability determination in his written decision, much less provide any reasons for disregarding that determination, the Commissioner has not shown that his position on the issue had a reasonable basis in law or fact.

This Court thus concludes that the Commissioner has not satisfied his burden of proving that the government's position in this case was substantially justified.  In addition, the Commissioner points to no other circumstances that would make an award of fees in this case unjust.  Accordingly,

**IT IS ORDERED** that Clark's motion for attorney fees in the amount of

$6,357.21, and costs in the amount of $350.00, is **GRANTED**.

DONE and DATED this 3rd day of May, 2010

                                          /s/ Jeremiah C. Lynch
                                         Jeremiah C. Lynch
                                         United States Magistrate Judge